(No. 3322—)

WARD C. CROM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*
*Rehearing denied November 10, 1942.*

ROBERT W. BESSE, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, AND ROBERT V. OSTROM, Assistant Attorneys General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The complaint in this case states that Ward C. Crom is the owner of a farm located in part of the North One Half (N½) of Section Four (4), Township Twenty-one (21) North, Range Seven (7) East of the Fourth Principal Meridian in Whiteside County, Illinois.

That a creek known as Elkhorn Creek runs through the said described tract of land in a westerly direction and that a state highway known as State Highway 88 runs along the west side of said tract of land, running in a northerly and southerly direction.

That along the west side of said tract of land the said highway crosses the said creek by means of a bridge.

That said road is built on a solid pike along the lands of the claimant for a considerable distance south of said bridge.

That said bridge and pike were negligently constructed by authority of the State Highway Department in that said construction fails to provide sufficient drainage of the waters flowing into the stream above the bridge; that said Highway Department wholly failed to make sufficient openings in the pike to take care of the flow of the stream during periods of high water; that such acts have caused, and continue to cause said waters to pile up along the pike because the opening at the bridge was and is insufficient to allow the waters to flow off normally.

That such negligent construction has caused the water to overflow onto the claimant's land causing him great damage to his land, buildings, fences, stock, grain and crops. He seeks an award of $8,160.00 plus interest for alleged damage for the years 1936, 1937 and 1938.

The evidence discloses that Ward C. Crom. in January 1937 acquired title to the above described premises from the Sterling Sales Incorporated who in 1936 had acquired title to said premises from the estate of Henry Wolf, while claimant was president of said corporation.

On June 21, 1934 an opinion was rendered by this court in re: *Almer Wolf, et al., claimants* vs. *State of Illinois, respondents,* 8 C. C. R. 144, which is controlling in this case. There claimants sought to recover the sum of $875.00 for damages claimed to have been occasioned by flood waters resulting in loss and damage to stock and grain on the farm owned by the Henry Wolf estate on which claimant was a tenant. The complaint filed averred that the loss occurred on October 11, 1931, and was due to the fact that when the embankment for laying the slab on S. B. I. Route 40 (now route 88) in the North West Quarter of Section (4) Township Twenty One (21) N. R. 7, East of the fourth P. M. in Whiteside County, Illinois, was built, that same was constructed without culverts to admit the passage of flood waters under said highway; that a pond or lake was thereby formed, the over-flow of which resulted in the damages claimed:

This court in the above entitled cause held:

"The court finds from the record that there is no proof that S. B. I. route 40 was constructed in a negligent or improper manner in the section complained of; that the evidence conclusively shows proper construction throughout with sufficient and adequate drainage under conditions which might be

ordinarily and reasonably expected; that the charge made in the complaint 'That the embankment was built without culverts, etc.' is not supported by the evidence, but that the record discloses affirmatively that concrete culverts were constructed and that the new bridge offered a flow-opening almost two and one-half times greater than the former bridge."

The evidence in this case shows that the claim for damages of Almer Wolf, which was denied by the court, was on the identical property as described in the complaint of Ward C. Crom.

The evidence further discloses that this improvement was built by the respondent in 1926, lawfully and that it is a substantial improvement and is a permanent structure.

The point is raised by claimant that the bridge and pike were negligently constructed by the respondent. The evidence shows that one R. N. Ferguson was called to testify on behalf of claimant. On cross-examination the following questions were asked, and answered:

Q. "At the time of the construction of this highway, what were your duties at the Dixon office in Department of Highways?"
A. "I was Assistant Engineer."
Q. "I will ask you to state whether or not you knew anything about the plans that were proposed for this bridge in connection with the creek?"
A. "Yes, I was quite familiar with them."
Q. "Were there any plans made in connection with Elkhorn Creek that were not carried out?"
A. "Yes, we originally intended to make a change in channel up stream, that would have been from one-half to three-fourths mile long and would have had the effect of converging the water at the bridge much better than it is now."
Q. "I will ask you to state if you know why this was not done?"
A. "On account of the objection of Mr. Wolf. I think he was the only property owner involved and he objected."
Q. "Mr. Wolf was predecessor in title to Mr. Crom, and he was owner of the land involved, at time this work was done?"
A. "That is right."

A right of action does not pass from the owner to a subsequent purchaser for injury from over-flows and damages to crops occasioned by lawful and permanent causes existing when he purchased the land. A subsequent purchaser takes the land subject to such damages and with no right of action to recover for the same.

*Ill. Cent. Ry. Co.* vs. *Ferrell*, 108 Ill. App. 667.

In the case of *Horney, et al.* vs. *State of Illinois*, 9 C. C. R. 354, the claimant sought to recover damages for loss of crops during the period of five years prior to the filing of

the complaint, as the result of water standing or remaining on her land by reason of the construction of a hard-surfaced highway. In that case the claimant acquired title after the completion of the improvement. The court found that the improvement in question was a permanent improvement and that the right of action was in the owner of the property at the time of the making of the improvement; that there could be but one recovery, and that such recovery should include all damages, past, present and future; that a subsequent alienee of the property took the same as it existed at the time of the conveyance, and had no right of action for damages which resulted from the improvement and accrued after the conveyance.

In the case of *Holm* vs. *County of Cook*, 283 Illinois Appellate 190, where plaintiffs brought an action of trespass to recover damages to their lands and for the destruction of their crops the court held:

"Plaintiffs predicate and must predicate the County's liability entirely and solely on the constitutional provision, that 'private property shall not be taken or damaged for public use without just compensation' (Sec. 13, Art. 2, Const. State of Ill.), which contemplates only one recovery for all past, present and future damages."

The same rule of law that was applied in the above case as regards the County of Cook, applies in the same measure in a claim against the State. The improvement on S. B. I. Route 40 (now route 88) was completed in 1926.

The claimant in this case having acquired title subsequent to that opinion took the land with notice and he is barred by law from recovering for subsequent damages.

The Attorney General filed a motion to dismiss this complaint after the taking of testimony on behalf of claimant was concluded.

Based on the foregoing conclusion of law, and the record before us, the motion of the Attorney General must be allowed. Motion allowed. Claim dismissed.